## STATE OF FLORIDA v OLIVA

Case No. 71371-CX

County Court, Dade County

July 16, 1990

### APPEARANCES OF COUNSEL

**Office of the State Attorney,** for plaintiff.

**George T. Pallas, Esquire,** for defendant.

### OPINION OF THE COURT

MAY L. CAIN, County Judge.

THIS CAUSE came on to be heard upon the Defendant's Motion to Dismiss, the Court having heard argument of counsel and being otherwise fully advised in the premises, it is hereby Ordered and Adjudged as follows:

1. On May 1, 1990, the Defendant, CONRADO OLIVA, was issued a citation for a noncriminal traffic violation.

2. At arraignment, the Uniform Traffic Citation was orally amended to charge the criminal offense of Driving While License Suspended.

3. No Arrest Affidavit ("A-Form") or other sworn statement or

complaint substantiating the offense for which the Defendant now stands accused was prepared.

4. The Uniform Traffic Citation is not sworn to by the arresting officer, nor is it notarized by an authorized person.

5. Florida Statute 316.650(1) states in its pertinent part:

316.650. TRAFFIC CITATIONS

(1) The department shall prepare and supply to every traffic enforcement agency in this State, an appropriate form traffic citation containing a notice to appear . . . and meeting the requirements of this Chapter or any laws of this State regulating traffic . . . (emphasis added).

6. Rule 6.160, Florida Traffic Court Rules (1989), governing criminal offenses states in its pertinent part:

Rule 6.160. Practice as in Criminal Rules. Except as hereinafter provided, the Rules of Criminal Procedure shall govern this part.

7. Rule 3.125(d), Florida Rules of Criminal Procedure (1985) mandates that all notice to appear be duly sworn to before a Notary Public.

8. As stated above, F.S. 316.650 requires that all Uniform Traffic Citations contain a notice to appear.

9. Since the offense of Driving While License Suspended is a criminal offense, and Traffic Rule 6.160 provides that all criminal traffic offenses are to be governed by the Florida Rules of Criminal Procedure, the requirement in F.S. 316.650 that the citation include a notice to appear, mandates that the notice to appear be sworn to, pursuant to the Rules of Criminal Procedure.

10. Indeed, the absence of a sworn complaint (or, if the State Attorney so chose, an Information) means that had the Defendant elected not to appear for these proceedings, this Court would not be empowered to issue a warrant for his failure to appear. Rule 6.190(a), Fla.R.Traf.Ct. provides as such.

Rule 6.190. Procedure on Failure to Appear; Warrant; Notice

(a) The court may direct the issuance of a warrant for the arrest of any resident of this state, or any non-resident upon whom process may be served in this state, who fails to appear and answer a criminal traffic complaint or summons lawfully served upon such person and against whom a complaint or information has been filed.

11. For these reasons, it is ORDERED AND ADJUDGED that the instant case is DISMISSED without prejudice to the State Attorney to properly refile this charge.

222

DONE AND ORDERED this 16th day of July, 1990, in Miami, Dade County, Florida.